\*CHARLES BROWN V. ST. BERNARD (VIL.).

ANDREW SCHUELER V. ST. BERNARD (VIL.).

SUPPRESSION OF NUISANCE BY MUNICIPAL ORDINANCE IS EFFECTIVE.
  Relief from nuisance may be effected under a general prohibitory,
    municipal ordinance, enacted pursuant to Gen. Code 3650, "to
    prevent injury or annoyance" to the public; it is not restricted
    to the criminal prosecution prescribed by Gen. Code 12646.

*D. S. Oliver,* for plaintiff in error:

Cited and commented upon the following authorities:

*Townsend* v. *Circleville,* 78 Ohio St. 122 [84 N. E. Rep.
792; 16 L. R. A. (N. S.) 914]; *Eller* v. *Koehler,* 68 Ohio St. 51
[67 N. E. Rep. 89]; *Commonwealth* v. *Miller,* 139 Pa. 77 [21 Atl.
Rep. 138; 23 Am. St. Rep. 170]; *Hamilton* v. *State,* 78 Ohio St.
76 [84 N. E. Rep. 601]; *Wiggins* v. *Henderson,* 22 Nev. 103 [36
Pac. Rep. 459].

GIFFEN, P. J.

The plaintiff in error was charged with violation of an ordi-
nance of the village of St. Bernard, tried, convicted and sen-
tenced to pay a fine of $100. Section 2 of the ordinance, being
the one under which the affidavit was made, is as follows:

"That it shall be unlawful for any person, whether he be
owner, manager, superintendent, foreman or employe, within
the limits of said village to manufacture, or produce, or assist
in the manufacture or production of any fertilizer, or other prod-
uct from which in the process of manufacture, or production,
offensive or unwholesome odors arise or are given off."

It is claimed that the village council had no power to pass
the ordinance, because the acts prohibited were made unlaw-
ful by Gen. Code 12646 which furnished the exclusive remedy.

It is evident, however, that the legislature did not intend

---

\*Affirming *Brown* v. *St. Bernard,* 20 Dec. 422.

to limit the remedy to this section only, as it conferred general power upon municipal corporations by Gen. Code 3650 of the municipal code, "to prevent injury or annoyance from anything dangerous, offensive, or unwholesome; to cause any nuisance to be abated," and it was under authority of this section that the ordinance was passed.

The objection that the ordinance is not legislation against a public nuisance, is apparently though not really sound, the argument being that the statute empowers municipal corporations "to prevent injury or annoyance" presumably to the public, and not to prevent the creation or maintenance of "anything dangerous, offensive or unwholesome" regardless of its effect upon the public.

It being conceded by counsel for both parties that a municipality can legislate against a public nuisance only, the ordinance should be construed with this limitation of power in view, and thereby avoid the absurd consequence of a literal construction. It is not reasonable to suppose that the village council intended to punish by fine every person who manufactured or assisted in manufacturing an article that gave off an offensive odor in the factory but in nowise affected the public.

In the case of *Clark* v. *Fry*, 8 Ohio St. 358 [72 Am. Dec. 590], a similar ordinance was before the court, and it held in the third proposition of the syllabus:

"A city ordinance, imposing, in general terms, a penalty on any person for incumbering or obstructing any part of any street, lane or alley, etc., rationally construed, has manifest reference to nuisances—in other words, to incumbrances, or obstructions, which, but for some special license, would be unlawful."

The same reasoning applied to the ordinance before us leads to the conclusion that it was intended to make unlawful such offensive odors as would cause injury or annoyance to the public. The affidavit upon which the warrant issued contained the statement "to the annoyance of the public," so that the plaintiff in error was fully advised of the nature of the charge. It would no doubt have been better, in framing the ordinance, to conclude with the words "to the injury or annoyance of the public," or

Hamilton County.

other words of like import as in Gen. Code 12646; but the omission seems not fatal.

The ordinance is not restricted in its application to the business of manufacturing fertilizer, but was intended to prevent offensive or unwholesome odors in the manufacture of any product, and hence the rule stated in the case of *Schultz* v. *Cambridge,* 38 Ohio St. 659, does not apply.

In excepting to the exclusion of evidence offered in chief, counsel for the defendant failed to state what the expected proof would be, and hence it can not now be said that the ruling of the court was prejudicial. No such statement is required on cross-examination; but the evidence thus excluded was either inadmissible or without prejudice.

The report of the committee of the state board of health tended to prove the charge made in the affidavit and the exclusion therefore was not prejudicial to the defendant.

There being no substantial error in the record the judgment will be affirmed.

**Swing and Smith, JJ.,** concur.